# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

June 3, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-2715

| | |
|---|---|
| HANS J. RAPOLD,<br>    *Plaintiff-Appellant,*<br><br>    *v.*<br><br>BAXTER INTERNATIONAL, INC,<br>    *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 08 C 7369<br><br>William J. Hibbler,<br>*Judge*. |

**O R D E R**

On consideration of the petition for rehearing and for rehearing en banc, no judge in active service has requested a vote on the petition for rehearing en banc, and all of the judges on the original panel have voted to deny rehearing. It is therefore ordered that the petition for rehearing and for rehearing en banc is DENIED.

The opinion of this court issued on January 30, 2013 is amended as follows:

Page 13, line 27, "'motivating factor' was" should be "'motivating factor' instruction was";

Page 16, line 30, "inappropriate, given that" should be "inappropriate:";

Page 17, line 2, "at least partially true." should be "at least partially true–and Baxter maintained at all times that Dr. Rapold's national origin played no role in its decision.";

Page 17, line 3, "agreed and concluded" should be "agreed.  It concluded";

Page 18, line 3, the following should be added after the citation to "*Smith*, 602 F.3d at 333": "("[A]n employee who is discharged for perceived discriminatory reasons will surely always believe the employer lacked a legitimate reason for the termination, and the mixed-motive framework does not require the plaintiff to concede that the employer's stated reason was legitimate.  That is why we have juries.")";

Page 18, beginning on line 25 the sentence beginning "For that reason" should be deleted.  The remainder of the page (lines 26-30) should likewise be deleted.  Page 19, lines 1 through 27 (ending with "(quoting 42 U.S.C. § 2000e-2).") should also be deleted;

Instead, the following should be inserted beginning on page 18, line 25, at the sentence concluding "from the outset." : "*See Price Waterhouse v. Hopkins*, 490 U.S. 228, 247 n.12 (1989) ("Nothing in this opinion should be taken to suggest that a case must be correctly labeled as either a 'pretext' case or a 'mixed-motives' case from the beginning in the District Court; indeed, we expect that plaintiffs often will allege, in the alternative, that their cases are both.") (plurality opinion); *see also Smith*, 602 F.3d at 332.  As the plurality in *Price Waterhouse*  noted, [a]t some point in the proceedings, of course, the *District Court* must decide whether a case involves mixed motives.  490 U.S. at 247 n.12 (emphasis added).

The problem here is that the district court's conclusion was premised on its erroneous belief that a mixed-motive factor instruction was appropriate only if Dr. Rapold conceded that his behavior motivated, at least in part, Baxter's decision.  Such a concession is unnecessary.  Instead,  once either party requests a motivating factor instruction, the district court should simply determine whether the evidence supports the instruction.  *See Desert Palace*, 539 U.S. at 101 ("[I]n order to obtain an instruction under § 2000e-2(m), a plaintiff need only present sufficient evidence for a reasonable jury to conclude, by a preponderance of the evidence, that . . . 'national origin was a motivating factor for any employment practice.'") (quoting 42 U.S.C. § 2000e-2)).";

Page 19, line 27, the sentence beginning "But this language" should be deleted. All of lines 27-31 on page 19 should be deleted;

Page 20 should be deleted in its entirety;

Page 21, lines 1-7 should be deleted. Line 8 should be deleted up to the sentence beginning "Taken in context";

In place of these deletions (page 19, line 27 through page 21, line 8) the opinion should be modified as follows:

Beginning on page 19, line 27, immediately following the sentence ending "(quoting 42 U.S.C. § 2000e-2)" the opinion should read: "The correct question then is whether Dr. Rapold presented sufficient evidence that his national origin played some part in Baxter's decision. Framed thus, it is a close question whether Dr. Rapold was entitled to a motivating factor instruction.

As detailed above, Dr. Rapold introduced at trial several instances in which Hunt referred to so-called "European cultural differences"—from attributing difficulties with Dr. Rapold to "culture" to stating that perhaps someone could work with him who understood the "Germanic approach," which she described as an autocratic, hierarchical management style. The problem with Dr. Rapold's argument, however, is that when presented in context, none of these instances support an inference that Hunt or Baxter held any discriminatory animus against Germans, Europeans, or Dr. Rapold himself. Shortly after Dr. Rapold began his consultancy, he exhibited a pattern of rude, arrogant, and authoritarian behavior. Instead of terminating the consultancy immediately, Baxter and Hunt in particular posited that perhaps Dr. Rapold's inappropriate behavior could be explained by his cultural background and that with a little effort he could adjust his behaviors to conform with Baxter's legitimate business expectations. That is to say, there is no evidence in the record suggesting Hunt or anyone else at Baxter posited that because Dr. Rapold was Germanic he was arrogant and rude; rather, the evidence supports only the conclusion that Dr. Rapold revealed himself to be arrogant and rude, and Hunt speculated that his cultural background could provide one explanation for his inappropriate behavior. Thus, we are hard-pressed to see how the motivating factor instruction would have made a difference here: the evidence shows that Baxter responded to Dr. Rapold's *conduct*, not to any preexisting notion of how German or European employees behave.

Even were we to assume that the district court erred by denying Dr. Rapold's request for the instruction, such an error would be harmless given the overwhelming evidence that Baxter withdrew his job offer based solely on his unacceptable behavior. *Cf. United States v. Vallone*, 698 F.3d 416, 464 (7th Cir. 2012) ("Even if we were persuaded that it was an abuse of discretion for the court not to give the instruction, any error in refusing to give it was harmless, given the overwhelming evidence showing that the defendants appreciated the illegality of their conduct."). Our review of the evidence convinces us that Dr. Rapold was not entitled to judgment in his favor either with or without the mixed-motive instruction."

Page 21, line 15, "tendencies, the testimony establishes Hunt's attempt to help Dr. Rapold succeed at Baxter even as she" should be "tendencies or demonstrating that Baxter's view of those traits as immutable, the testimony establishes Hunt's optimism that Dr. Rapold could conform to the culture at Baxter even as she"

Page 21, line 26 delete the sentence "The district court was therefore within its wide discretion to conclude that the evidence painted an either or picture that did not lend itself to the mixed-motive instruction."

Page 22, line 1 and 2 "we are confident" should be "it is apparent from the record".